FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 JAN 13 PM 4:32
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 107-019
)
)
BENJAMIN JARVIS LEVERETT )

O R D E R

Defendant Benjamin Jarvis Leverett pleaded guilty to one count of theft of firearms from a federally licensed firearms dealer, a violation of 18 U.S.C. § 922(u), on August 23, 2007. He was sentenced to 48 months imprisonment and 3 years supervised release and ordered to pay $14,000 in restitution and a $100 special assessment. Leverett has served his prison term and his term of supervised release.[1]

Presently, Leverett has filed a motion for expungement of his criminal record. Leverett says that he has not had any problems with the law and is attending college. He continues that he has paid his "dues to society" and asks for a second chance. (Doc. No. 37.) Leverett does not claim that his conviction was in any way improper. Rather, his motion is based upon equitable considerations.

Federal law does not provide the courts with a specific

---

[1] Leverett still owes over $12,500 in restitution.

statute authorizing the expungement of criminal records. Indeed, there is a circuit split as to whether district courts have ancillary jurisdiction over expungement motions. See United States v. Paxton, 2007 WL 2081483 (M.D. Ala. 2007) (unpublished) (listing cases). The First, Third, Eighth, and Ninth Circuits have concluded that a request for expungement based upon equitable considerations alone is not sufficient to invoke a district court's ancillary jurisdiction under the United States Supreme Court's explanation of its limited reach in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). See United States v. Coloian, 480 F.3d 47 (1st Cir. 2007); United States v. Meyer, 439 F.3d 855 (8th Cir. 2006); United States v. Rowlands, 451 F.3d 173 (3d Cir. 2006); United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000).[2]

The Eleventh Circuit has not addressed the issue of the Court's ancillary jurisdiction over motions to expunge criminal convictions post-Kokkonen. Nevertheless, the reasoning of the First, Third, Eighth and Ninth Circuits is persuasive. And, in the absence of statutory authority or pronouncement from the Eleventh Circuit on the issue, this

---

[2] The Second, Seventh, and Tenth Circuits have held that ancillary jurisdiction over expungement motions exists because they are related to the underlying criminal action. United States v. Flowers, 389 F.3d 727 (7th Cir. 2004); United States v. Schnitzer, 567 F.2d 536 (2d Cir. 1977); United States v. Linn, 513 F.2d 925 (10th Cir. 1975).

2

Court concludes that it is without authority to expunge Leverett's criminal record based solely on equitable considerations.³ Accordingly, his motion to expunge (doc. no. 37) is hereby **DENIED**.

SO ORDERED this 15th day of January, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

³ Even if the Court had the authority to consider the motion, Leverett has not presented extreme circumstances warranting expungement.